Dear Ms. Borman:
On behalf of Chief Judge Kathleen J. Kroll, you ask substantially the following question:
Must the mandatory $100 fine prescribed in section 318.18(7), Florida Statutes, be imposed when a defendant is issued a citation for violating section 316.1001, Florida Statutes, and the defendant elects to take his or her case to court and is subsequently found guilty, pleads guilty or enters a plea of no contest, or may the court impose any penalty, up to a $500 fine, without regard to the mandatory fine, in light of section318.14(5), Florida Statutes?
In sum:
An individual who elects to take his or her traffic citation to hearing is deemed to have waived the civil penalty rights under Chapter 318, Florida Statutes, and the official hearing the case has discretion to impose a civil penalty not to exceed $500 ($1000 for unlawful speed in a school zone) without regard to the mandatory $100 fine prescribed in section 318.18(7), Florida Statutes.
Section 316.1001, Florida Statutes, requires the payment of tolls for the use of a toll facility, except under specific conditions.[1]
"Failure to pay a prescribed toll is a noncriminal traffic infraction, punishable as a moving violation under chapter 318."[2]
Section 318.18(7), Florida Statutes, provides:
"The penalties required for a noncriminal disposition pursuant to s.318.14 or a criminal offense listed in s. 318.17 are as follows:
(7) Mandatory $100 fine for each violation of s. 316.1001 plus the amount of the unpaid toll shown on the traffic citation for each citation issued. The clerk of the court shall forward $25 of the $100 fine received, plus the amount of the unpaid toll that is shown on the citation, to the governmental entity that issued the citation, or on whose behalf the citation was issued. If a plea arrangement is reached prior to the date set for a scheduled evidentiary hearing and adjudication is withheld, there shall be a mandatory fine assessed per citation of not less than $50 and not more than $100, plus the amount of the unpaid toll for each citation issued. The clerk of the court shall forward $25 of the fine imposed plus the amount of the unpaid toll that is shown on the citation to the governmental entity that issued the citation or on whose behalf the citation was issued. The court shall have specific authority to consolidate issued citations for the same defendant for the purpose of sentencing and aggregate jurisdiction. In addition, the department shall suspend for 60 days the driver's license of a person who is convicted of 10 violations of s. 316.1001 within a 36-month period. Any funds received by a governmental entity for this violation may be used for any lawful purpose related to the operation or maintenance of a toll facility."
Section 318.14, Florida Statues, sets forth the procedures for handling noncriminal traffic infractions. The section generally provides that anyone cited for a violation of Chapter 316 "is charged with a noncriminal infraction and must be cited for such an infraction and cited to appear before an official."[3] Section 318.14(12), Florida Statutes, however, offers an alternative:
"Any person cited for a violation of s. 316.1001 may, in lieu of makingan election as set forth in subsection (4) or s. 318.18(7), elect to pay a fine of $25, or such other amount as imposed by the governmental entity owning the applicable toll facility, plus the amount of the unpaid toll that is shown on the traffic citation directly to the governmental entity that issued the citation, or on whose behalf the citation was issued, within 30 days after the date of issuance of the citation. Any person cited for a violation of s. 316.1001 who does not elect to pay the fine imposed by the governmental entity owning the applicable toll facility plus the amount of the unpaid toll that is shown on the traffic citation directly to the governmental entity that issued the citation, or on whose behalf the citation was issued, as described in this subsection shall have an additional 45 days after the date of the issuance of the citation in which to request a court hearing or to pay the civil penalty and delinquent fee, if applicable, as provided in s. 318.18(7), either by mail or in person, in accordance with subsection (4)." (e.s.)
Section 318.14(4), Florida Statutes, allows an individual charged with a noncriminal infraction under the section to elect not to appear and pay the civil penalty and any applicable delinquent fee within 30 days after the date of issuance of the citation. If the person cited follows this procedure, he or she admits the infraction and waives his or her right to a hearing on the issue of commission of the infraction.[4]
Thus, there is a clearly stated statutory scheme for imposing certain fines and penalties upon those persons who elect to pay a fine imposed for violation of Chapter 316, Florida Statutes, rather than electing to appear before the designated official for an evidentiary hearing. An individual cited for a violation of section 316.1001, Florida Statutes, may elect to pay the fine prescribed in section 318.14(12), Florida Statutes, within 30 days of the date of the citation directly to the governmental entity issuing the citation. Absent such an election, the individual has an additional 45 days in which to request a hearing or pay the civil penalty and delinquent fee, if applicable, as provided in subsection (7). Section 318.14(5), Florida Statutes, addresses the instance in which a person elects to appear before the designated official, providing:
"Any person electing to appear before the designated official or who is required so to appear shall be deemed to have waived his or her right tothe civil penalty provisions of s. 318.18. The official, after hearing, shall make a determination as to whether an infraction has been committed. If the commission of an infraction has been proven, the official may impose a civil penalty not to exceed $500, except that in cases involving unlawful speed in a school zone or involving unlawful speed in a construction zone, the civil penalty may not exceed $1000; or require attendance at a driver improvement school, or both. . . . If the official determines that no infraction has been committed, no costs or penalties shall be imposed and any costs or penalties that have been paid shall be returned. Moneys received from the mandatory civil penalties pursuant to this subsection upon persons required to appear before a designated official pursuant to s. 318.19(1) or (2) shall be remitted to the Department of Revenue and deposited into the Department of Health Administrative Trust Fund to provide financial support to certified trauma centers to assure the availability and accessibility of trauma services throughout the state. . . ." (e.s.)
Subsection (7) of section 318.14, Florida Statutes, directs the official having jurisdiction over the infraction to certify to the Department of Highway Safety and Motor Vehicles within 10 days after payment of the civil penalty that the defendant has admitted the infraction. "If the charge results in a hearing, the official having jurisdiction shall certify to the department the final disposition within 10 days after the hearing."[5]
Thus, the plain language of the statute contemplates a distinction between those individuals who wish to pay the civil penalty without contesting the charge and those who elect to have a hearing. Clearly, when an individual charged with a violation of section 316.1001, Florida Statutes, elects to have an evidentiary hearing, he or she is deemed to have waived his or her rights to the civil penalty provisions of Chapter 318, Florida Statutes.
Accordingly, it is my opinion that the mandatory $100 fine prescribed in section 318.18(7), Florida Statutes, applies when an individual charged with violation of section 316.1001, Florida Statutes, elects to pay the fine pursuant to section 318.14(4), Florida Statutes. If an individual elects to take his or her case to court, he or she will be deemed to have waived the civil penalty rights under Chapter 318, Florida Statutes, and the provisions of section 318.14(5), Florida Statutes, will apply.
Sincerely,
 Bill McCollum, Attorney General
BM/tals
[1] Section 338.155, Fla. Stat., sets forth several exemptions from the payment of tolls for the use of a toll facility, but states that "[t]he failure to pay a prescribed toll constitutes a noncriminal traffic infraction, punishable as a moving violation pursuant to s.318.18."
[2] Section 316.1001(1), Fla. Stat.
[3] Section 318.14(1), Fla. Stat.
[4] Section 318.14(4), Fla. Stat., states:
"Except as provided in subsection (12), any person charged with a noncriminal infraction under this section who does not elect to appear shall pay the civil penalty and delinquent fee, if applicable, either by mail or in person, within 30 days after the date of issuance of the citation. If the person cited follows the above procedure, he or she shall be deemed to have admitted the infraction and to have waived his or her right to a hearing on the issue of commission of the infraction. Such admission shall not be used as evidence in any other proceedings. Any person who is cited for a violation of s. 320.0605 or s. 322.15(1), or subject to a penalty under s. 320.07(3)(a) or (b) or s. 322.065, and who makes an election under this subsection shall submit proof of compliance with the applicable section to the clerk of the court. For the purposes of this subsection, proof of compliance consists of a valid driver's license or a valid registration certificate."
[5] Section 318.14(7)(a), Fla. Stat.